1

2

3

4

5

6

7

8              UNITED STATES DISTRICT COURT

9             NORTHERN DISTRICT OF CALIFORNIA

10                  SAN JOSE DIVISION

11   J&J SPORTS PRODUCTIONS, INC.,        )   Case No.: 11-CV-05441-LHK
                                          )
12            Plaintiff,                  )   ORDER GRANTING MOTION FOR
                                          )   DEFAULT JUDGMENT
13        v.                              )
                                          )
14   VAN T. NGUYEN a/k/a/ VAN H. NGUYEN,  )
                                          )
15            Defendant.                  )
                                          )
16   ─────────────────────────────────── )

17        On June 29, 2012, the Clerk of the Court entered default against Defendant Van T. Nguyen

18   a/k/a Van H. Nguyen, individually and doing business as Got Hong ("Defendant"), after Defendant

19   failed to appear or otherwise respond to the Summons and Complaint in this case within the time

20   prescribed by the Federal Rules of Civil Procedure.  *See* ECF No. 19.  Before this Court is the

21   Motion for Default Judgment filed by J&J Sports Productions, Inc. ("Plaintiff").  *See* Mot. Default

22   J. ("Mot."), ECF No. 21.  Defendant, not having appeared in this action to date, has not opposed

23   the motion.  Pursuant to Civil Local Rule 7-1(b), the Court finds this matter appropriate for

24   determination without oral argument.  Accordingly, the hearing and the case management

25   conference set for January 3, 2013, are VACATED.  For the reasons discussed below, Plaintiff's

26   Motion for Default Judgment is GRANTED.

27

28

United States District Court
For the Northern District of California

## I.      BACKGROUND

Plaintiff J&J Sports Productions, Inc. is a distributor of sports and entertainment programming, and alleges that it secured the domestic commercial distribution rights to broadcast the "Tactical Warfare": Manny Pacquiao v. Antonio Margarito, WBC Light Middleweight Championship Fight Program ("Program"), telecast nationwide on November 13, 2012.  *See* Compl. ¶ 9, ECF No. 1.  Plaintiff then entered into sub-licensing agreements with various commercial entities throughout the United States, wherein it granted limited public exhibition rights to these entities in exchange for licensing fees.  Compl. ¶ 10.  On November 13, 2012, investigator Gary Gravelyn observed the Program being displayed at Defendant's commercial establishment, Got Hong, located in San Jose, California.  Compl. ¶ 12; Mot. at 2.  Plaintiff alleges that Defendant intercepted the Program unlawfully and intentionally exhibited it for the purpose of direct or indirect commercial advantage.  Compl. ¶¶ 12–13.

On November 9, 2011, Plaintiff filed this action against Defendant for: (1) violating the Federal Communications Act of 1934, as amended, 47 U.S.C. § 605, *et seq.*; (2) violating the Cable and Television Consumer Protection and Competition Act of 1992, as amended, 47 U.S.C. § 553, *et seq.*; (3) conversion; and (4) violating California Business and Professions Code §17200.  ECF No. 1.  Plaintiff then served Defendant with the Summons, Complaint, and related documents on May 23, 2012.  ECF No. 14.  Pursuant to Rule 12(a)(1)(A)(i) of the Federal Rules of Civil Procedure, Defendant was required to file and serve his responsive pleading on Plaintiff no later than June 13, 2012.  However, Defendant failed to appear and failed to file any responsive pleading.  *See* Mot. at 2.  On June 29, 2012, pursuant to Plaintiff's request, the Clerk of the Court entered default against Defendant.  ECF No. 19.  Plaintiff now moves this Court for entry of default judgment pursuant to Rule 55(b) of the Federal Rules of Civil Procedure.  ECF No. 21.

## II.     DISCUSSION

### A. Default Judgment

When a defendant fails to timely answer a complaint, a plaintiff may move the court for an entry of default judgment.  Fed. R. Civ. P. 55(b)(2).  The district court's decision whether to enter a default judgment is discretionary.  *See Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980) (per

Case No.: 11-CV-05441-LHK
ORDER GRANTING MOTION FOR DEFAULT JUDGMENT

United States District Court
For the Northern District of California

curiam).  The entry of default "does not automatically entitle the plaintiff to a court-ordered judgment."  *PepsiCo, Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1174 (C.D. Cal. 2002), *accord Draper v. Coombs,* 792 F.2d 915, 924–25 (9th Cir. 1986).  When deciding whether a default judgment is warranted, a court may consider the following factors:

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action[,] (5) the possibility of a dispute concerning material facts[,] (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

*Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986).  In general, default judgments are disfavored as "[c]ases should be decided upon the merits whenever reasonably possible."  *Id.* at 1472.

Here, many of the *Eitel* factors favor entry of default judgment.  Given that Defendant has refused to take part in the litigation, Plaintiff will be denied the right to adjudicate the claims and obtain relief if default judgment is not granted.  *See PepsiCo, Inc.*, 238 F. Supp. 2d at 1177. Therefore, the first *Eitel* factor weighs in favor of default judgment as there is a legitimate possibility of prejudice to Plaintiff.  In addition, in accordance with the fifth and sixth *Eitel* factors, there is no indication that Defendant's default is due to excusable neglect or that the material facts are subject to dispute since Defendant has not presented a defense or otherwise communicated with the Court.  Furthermore, even though the seventh *Eitel* factor places importance on the strong public policy that favors decisions on the merits, *see Pena v. Seguros La Comercial, S.A.*, 770 F.2d 811, 814 (9th Cir. 1985), it does not appear that litigation of the merits will be possible due to Defendant's refusal to litigate.

In contrast, the large amount of money that Plaintiff is requesting—maximum statutory damages—weighs against granting an entry of default judgment, particularly because the amount requested appears disproportionate to the harm alleged.  *See Eitel*, 782 F.2d at 1472.  Given that the Court may address the reasonableness of Plaintiff's request when deciding the question of damages, however, the Court need not deny default judgment based on the fourth *Eitel* factor alone.  *See, e.g.*, *Joe Hand Promotions, Inc. v. Mujadidi*, No. 11-5570, 2012 WL 3537036, at

United States District Court
For the Northern District of California

*3 (N.D. Cal. Aug. 14, 2012) (noting that a request for maximum possible statutory damages "is not enough on its own to bar a default judgment (at least in this case) as it may be addressed by the Court in deciding what damages should be awarded, assuming that a default judgment is otherwise appropriate.").

In addition, the Court finds that the second and third *Eitel* factors, which involve the merits of Plaintiff's substantive claim and the sufficiency of the complaint, warrant closer examination. Although Plaintiff's complaint alleges violations of 47 U.S.C. § 605 and 47 U.S.C. § 553, as well as violations of California's law against conversion and California Business and Professions Code §17200, Plaintiff's pending Motion for Default Judgment only seeks damages under Section 605 and for conversion. *Compare* Compl. ¶¶ 17, 22, *with* Mot. at 8.

Section 605 of the Federal Communications Act of 1934 "prohibits the unauthorized receipt and use of radio communications for one's 'own benefit or for the benefit of another not entitled thereto.'" *DirecTV, Inc. v. Webb*, 545 F.3d 837, 844 (9th Cir. 2008) (citing 47 U.S.C. § 605(a)). "[T]he 'communications' protected by § 605(a) include satellite television signals." *Id.* In contrast, Section 553 of the Cable and Television Consumer Protection and Competition Act of 1992 prohibits the unauthorized reception or interception of "any communications service offered over a *cable* system, unless specifically authorized to do so . . . ." 47 U.S.C. § 553(a)(1) (emphasis added). The maximum statutory damages permitted for each willful violation of Section 605 is $100,000.00, *see* 47 U.S.C. § 605(e)(3)(C)(ii), whereas the maximum statutory damages permitted for each willful violation of Section 553 is $50,000.00, *see* 47 U.S.C. § 553(c)(3)(B). Generally, "a plaintiff may not recover under both § 605 and § 553 as it is highly unlikely that a pirate used a satellite dish and a cable box to broadcast a single program simultaneously." *Mujadidi*, No. 11-5570, 2012 WL 3537036, at *3 (internal citations omitted).

Here, Plaintiff alleges that Defendant violated Section 605 because, "[w]ith full knowledge that the Program was not to be intercepted . . . displayed, and/or exhibited by commercial entities unauthorized to do so, . . . Defendant . . . did unlawfully intercept . . . display, and/or exhibit the Program at the time of its transmission at his commercial establishment . . . ." Compl. ¶ 12. Notably, Plaintiff fails to allege the means of signal transmission used, which determines whether

1    Plaintiff has sufficiently stated a claim pursuant to either Section 605 or Section 553.[1]  In such a

2    situation, there appears to be a split of authority regarding whether to apply Section 553 or Section

3    605 in the context of an application for default judgment.  *Compare J&J Sports Prods., Inc. v*

4    *Ayala*, No. 11-05437, 2012 WL 4097754, at *2 (N.D. Cal. Sept. 17, 2012) ("Because sufficient

5    facts have not been alleged, nor has Plaintiff presented any affidavit evidence of a satellite, the

6    Court holds that 47 U.S.C. § 605 does not apply" and instead "construes this motion as solely

7    seeking damages under § 553"), *and Mujadidi*, No. 11-5570, 2012 WL 3537036, at *3 (denying

8    Plaintiff's motion for default judgment as to Section 605 but granting it as to Section 553 because,

9    "[i]n the absence of any evidence indicating that a satellite dish was used, the Court [could only]

10   conclude[] that [Plaintiff] . . . established at most interception through use of a cable box.), *with*

11   *G&G Closed Circuit Events, LLC v. Castro*, No. 12-01036, 2012 WL 3276989, at *2 (N.D. Cal.

12   Aug. 9, 2012) (concluding that, when "there is an insufficient basis to conclude with certainty

13   *which* of the two statutes would support an award of statutory damages" it is "unsatisfactory" to

14   presume a violation of Section 553 as opposed to Section 605 where the plaintiff has not sought

15   damages under Section 553).

16        The Court need not resolve this issue here as Plaintiff's allegations suffice to demonstrate

17   that Defendant violated either Section 553 or Section 605, and both statutes provide a discretionary

18   range of possible damage awards that are, in part, overlapping.  Therefore, for the purposes of this

19   particular cause of action, "[a]ny uncertainty as to whether [Defendant] in fact violated § 605 is

20   immaterial in light of the fact that a statutory award in the same amount is equally appropriate in

21   the event [Defendant] actually violated § 553."  *G&G Closed Circuit Events*, No. 12-01036, 2012

22   WL 3276989, at *3; *see infra* Part II.B (discussing Plaintiff's request for damages).

23

24   _____

     [1]  Although Plaintiff contends that it "should not be prejudiced because it cannot isolate the precise
25   means of signal transmission the Defendant used" due to Defendant's failure to respond to the
     complaint, *see* Mot. at 8, it does not appear that Plaintiff made any effort to obtain this information
26   on its own.  For instance, Plaintiff could have sought to obtain this information by "fil[ing] a third
     party subpoena or request[ing] an order for inspection . . . [or,] [a]t the very least, [Plaintiff] could
27   have sent someone out to the establishment at issue to see if a satellite dish could be seen from the
     outside."  *Mujadidi*, No. 11-5570, 2012 WL 3537036, at *4.  Therefore, the Court is not convinced
28   that Plaintiff was entirely powerless in obtaining the information necessary to determine the means
     of signal transmission that Defendant allegedly used.

Case No.: 11-CV-05441-LHK
ORDER GRANTING MOTION FOR DEFAULT JUDGMENT

In addition, the Court concludes that default judgment on Plaintiff's conversion claim is appropriate. The elements of conversion are: (1) ownership of a right to possession of property; (2) wrongful disposition of the property right of another; and (3) damages. *See G.S. Rasmussen & Assoc. v. Kalitta Flying Serv., Inc.*, 958 F.2d 896, 906 (9th Cir. 1992). Here, Plaintiff alleges ownership of the distribution rights to the Program, misappropriation of those rights by Defendant's unlawful interception, and damages. *See* Compl. ¶¶ 23–26. Therefore, Plaintiff's well-pleaded allegations regarding liability, which are taken as true in light of the Clerk's entry of default, are sufficient to entitle Plaintiff to damages.

Accordingly, the Court GRANTS Plaintiff's Motion for Default Judgment.

### B. Requests for Relief

While a court must assume that all well-pleaded allegations regarding liability are taken as true once the Clerk of Court enters default, this same presumption does not apply to a plaintiff's request for damages. *See Geddes v. United Financial Group*, 559 F.2d 557, 560 (9th Cir. 1977); *see also Pope v. United States*, 323 U.S. 1, 12 (1944) ("It is a familiar practice and an exercise of judicial power for a court upon default, by taking evidence when necessary or by computation from facts of record, to fix the amount which the plaintiff is lawfully entitled to recover and to give judgment accordingly."). Here, Plaintiff requests $10,000.00 in statutory damages for violation of 47 U.S.C. § 605(e)(3)(C)(i)(II), and $100,000.00 in enhanced damages for willful violation of 47 U.S.C. § 605(e)(3)(C)(ii). Mot. at 11, 14. With respect to its conversion claim, Plaintiff seeks $2,200.00, the amount Defendant would have been required to pay had he ordered the Program from Plaintiff. Mot. at 20.

### 1. Statutory Damages

Plaintiff requests maximum statutory damages available under Section 605, noting that the court has discretion to aware significant damages "even where the violations do not appear particularly egregious." Mot. at 14. Section 605(e)(3)(C)(i)(II) provides that an aggrieved party may recover a sum of not less than $1,000 and not more than $10,000 for each violation of § 605(a), as the Court considers just. *Cf.* 47 U.S.C. § 553(c)(3)(A)(ii) (providing that an aggrieved party may recover a sum of not less than $250 and not more than $10,000 for each violation of

**United States District Court**
For the Northern District of California

Section 553(a)(1)).  "A traditional method of determining statutory damages is to estimate either the loss incurred by the plaintiff or the profits made by the defendants."  *Joe Hand Promotions v. Kim Thuy Ho*, No. 09-01435, 2009 WL 3047231, at *1 (N.D. Cal. Sept. 18, 2009) (internal quotation marks and citations omitted).

Plaintiff submits evidence that a commercial license for the broadcast of the Program would have cost Defendant approximately $2,200.00 based on the 100-person capacity of Defendant's commercial establishment.  *See* Supp. Aff. Joseph M. Gagliardi ¶ 8, ECF No. 21-5.  Alternatively, as to Defendant's potential profit, Plaintiff submits evidence that three separate head counts, conducted within a two-minute window, revealed that the total number of patrons was 82, 83, and 80, and that there was no cover charge.  *See* Decl. of Affiant, ECF No. 21-3.  As there is no evidence of how much Defendant made during the unlawful exhibition of the Program, the Court shall base statutory damages on the cost of the commercial license.

Accordingly, the Court finds that Plaintiff is entitled to $2,200.00 in statutory damages.

## 2.  Enhanced Damages

Plaintiff also requests enhanced damages pursuant to Section 605(e)(3)(C)(ii).  Section 605(e)(3)(C)(ii) authorizes the Court to award up to $100,000, in its discretion, upon finding that the violation "was committed willfully and for purposes of direct or indirect commercial advantage or private financial gain."  *Cf.* 47 U.S.C. § 553(c)(3)(B) (authorizing the Court to award up to $50,000, in its discretion).

Here, Plaintiff has submitted evidence that Defendant is a repeat offender, which is a factor indicating that Defendant's actions were willful, and thus justifying an award of enhanced damages.  *See, e.g.*, *Kingvision Pay-Per-View, Ltd. v. Backman*, 102 F.Supp.2d 1196, 1198–99 (N.D. Cal. 2000) (noting that "a higher statutory award may be justified in cases where defendants are repeat offenders who have pirated similar Programs on previous occasions, and who need an especially severe financial deterrent.").  Specifically, Plaintiff has submitted evidence that two additional actions have been brought against Defendant for commercial signal piracy, both of which have resulted in an entry of default judgment against the Defendant.  *See* Supplemental

Decl. of Thomas Riley ¶ 4 & Exhs. 1 & 2, ECF No. 21-4.  Defendant's repeated violations evidence a willfulness that warrants a greater enhanced damages award.

Nevertheless, the Court does not agree with Plaintiff that the maximum damages award is warranted.  Plaintiff has not submitted any evidence of significant "commercial advantage or private financial gain."  *See* 47 U.S.C. § 605(e)(3)(C)(ii).  While Plaintiff has presented evidence that Defendant had twelve televisions in its commercial establishment and was displaying the Program while there were approximately eighty patrons present, *see* ECF No. 21-3, there is no evidence that Defendant advertised the fight, assessed a cover charge, or had a minimum purchase requirement.  *See Kingvision Pay-Per-View, Ltd.*, 102 F.Supp.2d at 1198 n.2 ("An establishment that does not promote itself by advertising the Program, does not assess a cover charge, and does not charge a special premium for food and drinks hardly seems like the willful perpetrators envisioned by the statute's framers."); *but cf. J&J Sports Prods., Inc. v. Mosley*, No. 10-5126, 2011 WL 2066713, at *5 (N.D. Cal. Apr. 13, 2011) (awarding $2,500 based on plaintiff's actual losses and $2,500 in enhanced damages under Section 553, where 17 patrons were present and no cover charge was incurred).

Therefore, the Court GRANTS Plaintiffs' request for enhanced damages, but concludes that an award of $4,400—approximately two times the cost of the estimated licensing fee—is more than adequate and just to compensate Plaintiff for lost profits and to deter Defendant's future infringement.

### 3.  Damages for Conversion

Plaintiff also seeks $2,200 in damages for conversion under California Civil Code §3336.  Damages for conversion are based on the value of the property at the time of conversion. *See Krueger v. Bank of America*, 145 Cal. App. 3d 204, 215 (1983); *Tyrone Pac. Intern., Inc. v. MV Eurychili*, 658 F.2d 664, 666 (9th Cir. 1981).  As noted previously, the commercial license would have cost Defendants $2,200.00, and thus Plaintiff's request is appropriate.  ECF No. 21-5. Accordingly, Plaintiff is entitled to $2,200.00 in damages for conversion.

Case No.: 11-CV-05441-LHK
ORDER GRANTING MOTION FOR DEFAULT JUDGMENT

United States District Court
For the Northern District of California

<div style="writing-mode: vertical">

**United States District Court**
For the Northern District of California

</div>

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### III.     CONCLUSION

For the reasons detailed above, Plaintiff's Motion for Default Judgment is GRANTED. Judgment shall be entered in favor of Plaintiff J&J Sports Productions, Inc. and against Defendant Van T. Nguyen a/k/a Van H. Nguyen, individually and doing business as Got Hung.  Plaintiff shall recover $8,800.00 in total damages.[2]  The Clerk shall close the file.

**IT IS SO ORDERED.**

Dated: December 17, 2012

*Lucy H. Koh*
_____
LUCY H. KOH
United States District Judge

---

[2]  Although Plaintiff's complaint requests attorney's fees pursuant to 47 U.S.C. § 553(c)(2)(C) and 47 U.S.C. § 605(e)(3)(b)(iii), Plaintiff's Motion for Default Judgment does not specifically request these fees and costs, nor does it provide any evidence to support providing such an award. Therefore, the Court declines to award attorney's fees and costs at this time.  If Plaintiff's counsel wishes to recover attorney's fees and costs, he must file an affidavit and supporting documentation within 30 days of the date of this Order, including a curriculum vitae or resume as well as billing and cost records to justify such an award.

Case No.: 11-CV-05441-LHK
ORDER GRANTING MOTION FOR DEFAULT JUDGMENT