1
2
3
4
5
6
7
8                   UNITED STATES DISTRICT COURT

9                  NORTHERN DISTRICT OF CALIFORNIA

10                        SAN JOSE DIVISION

11   J&J SPORTS PRODUCTIONS, INC.,        )   Case No.: 11-CV-05441-LHK
                                          )
12                      Plaintiff,        )   ORDER DENYING MOTION TO
                                          )   ALTER OR AMEND JUDGMENT
13          v.                            )
                                          )
14   VAN T. NGUYEN,                       )
                                          )
15                      Defendant.        )
                                          )
16   ─────────────────────────────────   )

17          Plaintiff J & J Sports Productions, Inc. ("Plaintiff") moves to alter or amend the judgment

18   of this Court against Defendant Van T. Nguyen a/k/a/ Van H. Nguyen, individually and d/b/a Got

19   Hong ("Defendant").  *See* ECF No. 25 ("Motion").  The Court finds this matter suitable for

20   decision without oral argument and VACATES the hearing set for May 30, 2013.  *See* Civil L.R. 7-

21   1(b).  For the reasons set forth below, the Court DENIES Plaintiff's Motion to Alter or Amend

22   Judgment.

23   I.     BACKGROUND

24          Plaintiff J&J Sports Productions, Inc. is a distributor of sports and entertainment

25   programming, and alleges that it was granted exclusive nationwide commercial distribution rights

26   to "*'Tactical Warfare': Manny Pacquiao v. Antonio Margarito, WBC Light Middleweight*

27   *Championship Fight Program*" (the "Program"), originally telecast on November 13, 2010.  *See*

28

                                                 1

1   Compl. ¶ 9.  Plaintiff alleges that the Program was unlawfully intercepted and exhibited at

2   Defendant's commercial establishment, Got Hong, located in San Jose, California.  *Id.* ¶ 12.

3        On November 9, 2011, Plaintiff filed this action for: (1) violating the Federal

4   Communications Act of 1934, as amended, 47 U.S.C. § 605, *et seq.*; (2) violating the Cable and

5   Television Consumer Protection and Competition Act of 1992, as amended, 47 U.S.C. § 553, *et*

6   *seq.*; (3) conversion; and (4) violating California Business and Professions Code § 17200.  ECF

7   No. 1.  Plaintiff then served Defendant with the Summons, Complaint, and related documents on

8   May 23, 2012.  ECF No. 14.  Pursuant to Rule 12(a)(1)(A)(i) of the Federal Rules of Civil

9   Procedure, Defendant was required to file and serve his responsive pleading on Plaintiff no later

10  than June 13, 2012.  However, Defendant failed to appear and failed to file any responsive

11  pleading.  *See* Mot. Default J, ECF No. 21, at 2.  On June 25, 2012, after Defendant failed to

12  respond to the Complaint, Plaintiff moved for entry of default against Defendant.  ECF No. 16.  On

13  June 29, 2012, the Clerk entered default.  ECF No. 19.

14       On October 10, 2012, Plaintiff moved the Court for entry of default judgment pursuant to

15  Rule 55(b) of the Federal Rules of Civil Procedure.  ECF No. 21.  On December 17, 2012, the

16  Court entered judgment against Defendant and awarded damages in the amount of $8,800.

17  Specifically, the Court awarded Plaintiff $2,200 in statutory damages, $4,400 in enhanced

18  damages, and $2,200 for conversion.  *See* Order Granting Mot. Default J., ECF No. 24 ("Order").

19       On January 14, 2013, Plaintiff moved to alter or amend the judgment of the Court with

20  respect to its award of enhanced statutory damages.  ECF No. 25.

21  **II.     LEGAL STANDARD**

22       This Court may alter or amend a judgment pursuant to Federal Rule of Civil Procedure

23  59(e).  Rule 59(e) is generally seen as "an 'extraordinary remedy, to be used sparingly'" and at the

24  discretion of the Court.  *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003) (citation omitted).

25  "A motion for reconsideration under Rule 59(e) 'should not be granted, absent highly unusual

26  circumstances, unless the district court is presented with newly discovered evidence, committed

27  clear error, or if there is an intervening change in the controlling law.'"  *McDowell v. Calderon*,

28  197 F.3d 1253, 1255 (9th Cir. 1999) (en banc) (quoting *389 Orange St. Partners v. Arnold*, 179

2

1    F.3d 656, 665 (9th Cir. 1999)). "A party seeking reconsideration must show more than a

2    disagreement with the Court's decision, and recapitulation of the cases and arguments considered

3    by the court before rendering its original decision fails to carry the moving party's burden." *United*

4    *States v. Westlands Water Dist.*, 134 F. Supp. 2d 1111, 1131 (E.D. Cal. 2001) (internal quotation

5    marks and citation omitted). "To succeed [on a motion to alter or amend judgment], a party must

6    set forth facts or law of a strongly convincing nature to induce the court to reverse its prior

7    decision." *Id*.

8    **III.     ANALYSIS**

9         Plaintiff requests that the Court alter or amend its prior Order, though does not present any

10   newly discovered evidence or allege any change in controlling law. Rather, Plaintiff argues that

11   the Court committed "clear error" in awarding only $4,400 in enhanced damages because,

12   according to Plaintiff, the Court's award "will not serve the purpose of deterring future pirating

13   activity." Mot. at 5. As such, Plaintiff requests that the Court's enhanced statutory damages award

14   be increased up to the maximum by statute. *See* Mot. at 5 (citing Section 605(e)(3)(C)(ii), which

15   authorizes the Court to award up to $100,000, in its discretion, upon finding that the violation "was

16   committed willfully and for purposes of direct or indirect commercial advantage or private

17   financial gain."); *cf.* 47 U.S.C. § 553(c)(3)(B) (authorizing the Court to award up to $50,000, in its

18   discretion, for the same reasons).

19        In its December 17, 2012 Order, the Court found that "Defendant's repeated violations

20   evidence a willfulness that warrants a greater enhanced damages award." Order at 8. Taking into

21   account the individual circumstances of this Defendant's history of piracy, as well as the amounts

22   awarded by other Courts in this District, the Court found an enhanced damages award of $4,400 –

23   approximately double the cost of the estimated licensing fee – to be adequate. *See* Order at 8.

24        Notwithstanding the Court's decision, Plaintiff argues that, because Defendant is a two time

25   repeat offender, a greater damages award is warranted in order to maximize possible deterrence.

26   Mot. at 5-6. Plaintiff cites an unpublished case from the Eastern District of New York for the

27   proposition that "the defendant must be held accountable for an amount significant enough to deter

28

Case No.: 11-CV-05441-LHK
ORDER DENYING MOTION TO ALTER OR AMEND JUDGMENT

**United States District Court**
For the Northern District of California

United States District Court
For the Northern District of California

1   [its illegal] conduct." Mot. at 6 (quoting *J & J Sports Prods., Inc. v. Castrillon*, No. 07-02946,

2   2009 WL 1033364, at *4 (E.D.N.Y. Apr. 16, 2009)).

3   However, clear error is not established by arguing that another court "would have decided

4   the case differently." *Easley v. Cromartie*, 532 U.S. 234, 242 (2001) (internal quotation marks and

5   citation omitted). Instead, it requires a "definite and firm conviction that a mistake has been

6   committed." *Id*. (internal quotation marks and citation omitted). Courts grant reconsideration due

7   to clear error "only if the prior decision was 'clearly' wrong." *Bull v. City & Cnty. of S.F.*, 758 F.

8   Supp. 2d 925, 928 (N.D. Cal 2010) (citing *Leslie Salt v. United States*, 55 F.3d 1388, 1393 (9th Cir.

9   1995)). "A district court does not commit clear error warranting reconsideration when the question

10  before it is a debatable one." *Morales v. Tingey*, No. 05-03498, 2010 WL 459046, at *1 (N.D. Cal.

11  Feb. 3, 2010) (citing *McDowell*, 197 F.3d at 1256).

12  While the Court recognizes that deterrence of piracy is an important policy goal underlying

13  the Federal Communications Act, Congress unambiguously granted individual courts wide

14  discretion in fashioning enhanced damages awards based on a finding of willfulness. *See* 47

15  U.S.C. § 605(e)(3)(C)(ii); 47 U.S.C. § 553(c)(3)(B). The Court is not required by statute to

16  increase damages for every act of willfulness. Rather, the plain language of the statute states that

17  the Court "in its discretion *may* increase the award" if it finds willfulness. 47 U.S.C.

18  § 605(e)(3)(C)(ii) (emphasis added); *see also* 47 U.S.C. § 553(c)(3)(B) (same). As the Court's

19  discretion to award enhanced damages in this case is statutorily derived, and as the Court remained

20  within its discretion in awarding an enhanced damages award based on Defendant's repeat offenses

21  and the awards of other Courts in this District, the Court did not commit clear error as would

22  justify altering or amending the judgment. Plaintiff has failed to cite any authority – much less

23  binding authority – establishing otherwise.

24  Finally, Plaintiff notes that the Northern District of California has rendered two prior

25  judgments against this Defendant, one of which resulted in an award of $5,000 in enhanced

26  statutory damages. *See Joe Hand Promotions, Inc. v. Nguyen*, No. 10-05856, 2011 WL 4551454

27  (N.D. Cal. Sept. 30, 2011); *J&J Sports Productions, Inc. v. Nguyen*, No. 11-01169, 2011 WL

28  6217411 (N.D. Cal. Dec. 14, 2011). However, the "general rule is that a district judge's decision

4

1   neither binds another district judge nor binds him, although a judge ought to give great weight to

2   his own prior decisions."  *McGinley v. Houston*, 361 F.3d 1328, 1331 (11th Cir. 2004); *ATSI*

3   *Commc'ns, Inc. v. Shaar Fund, Ltd.*, 547 F.3d 109, 112 (2d. Cir. 2008) ("District court decisions . .

4   . create no rule of law binding on other courts.").  When the legal authority at issue is only

5   persuasive, and not binding, the Court may exercise its discretion in deciding an issue.  In this case,

6   the Court determined that an enhanced damages award of $4,400 – approximately double the cost

7   of the estimated licensing fee – was adequate.  *See* Order at 8. Plaintiff has failed to show anything

8   more than a disagreement with the Court's exercise of its discretion.  *Westlands Water Dist.*, 134 F.

9   Supp. 2d at1131.[1]

10   **IV.     CONCLUSION**

11          Plaintiff has failed to show any clear error warranting reconsideration pursuant to Rule

12   59(e).  Accordingly, Plaintiff's Motion to Alter or Amend the Judgment is DENIED.

13   **IT IS SO ORDERED.**

14

15   Dated:  May 16, 2013                              *Lucy H. Koh*

16                                                      LUCY H. KOH
                                                        United States District Judge
17

18

19

20

21

---

22   [1]  Plaintiff also requests that, to the extent relevant, this Court award damages under 47 U.S.C.
23   § 605 rather than 47 U.S.C. § 553.  *See* Mot. at 4-5.  In the Court's Order, the Court found that it
     was unnecessary to determine whether 47 U.S.C. §§ 605 or 553 applies to this case because both
24   statutes provide a discretionary range of possible damage awards that are, in part, overlapping.  *See*
     Order at 5.  Specifically, the maximum statutory damages permitted for each willful violation of
25   Section 605 is up to $100,000.00, *see* 47 U.S.C. § 605(e)(3)(C)(ii), whereas the maximum statutory
     damages permitted for each willful violation of Section 553 is up $50,000.00, *see* 47 U.S.C. §
26   553(c)(3)(B).  As the Court declines to award enhanced statutory damages in excess of $50,000.00,
     the Court need not resolve the issue of whether it is more appropriate to apply Section 553 or
27   Section 605 in the default judgment context.  The Court notes that there is a split of authority as to
     this issue.  *Compare J&J Sports Prods., Inc. v Ayala*, No. 11-05437, 2012 WL 4097754, at *2
28   (N.D. Cal. Sept. 17, 2012), *with G&G Closed Circuit Events, LLC v. Castro*, No. 12-01036, 2012
     WL 3276989, at *2 (N.D. Cal. Aug. 9, 2012).

Case No.: 11-CV-05441-LHK
ORDER DENYING MOTION TO ALTER OR AMEND JUDGMENT